DESIRE MICHAUD, Plaintiff in Error *vs.* MICHAEL LAGARDE *et al.* Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A verbal agreement between the payee of a note, and his endorsee, at the time of the endorsement, that the note should not be paid by the makers, for some days after its maturity, is without consideration, and cannot be enforced against either party. And such an agreement, between the endorser and holder, does not excuse demand and notice of protest between those parties. The fact that the makers abscond or run away, does not excuse notice of that fact to the endorser. If the fact of such notice is not alleged, it cannot be proved.

The action was brought by the holder of a note, against the makers and endorser thereof. The Complaint does not allege the protest of the note, but charges that the payee duly endorsed and transferred said note to the holder, "with the understanding and agreement then and there made, that the said note should not be paid by the said makers at maturity nor until a long time thereafter, to wit: until the space of fifteen days from and after the date of said transfer, to all of which the Plaintiff, endorser, and makers of said note then consented. That when the note became payable the makers had run away and left the State.

The endorser demurred to the complaint, and the District Court sustained the demurrer.

Points and authorities of Plaintiff in Error.

*First.*—Extrinsic evidence may be admitted to show the real intention of the parties and to explain the real nature of the contract of endorsement, although such evidence alters the prima facie character of the instrument. *Pierse vs. Irvine, Stone & McCormick,* 1 *Minnesota R.* 369; *Ray, Marshall & & Co. vs. Simpson,* 1 *Minnesota R.* 380 ; *Winslow vs. Boyden and Willard,* 383, 1 *Minnesota Reports.*

*Second.*—When the necessity of protest and notice has been expressly or impliedly dispensed with as between the parties no notice need be given or demand made, and the want of it is entirely excused. *Renner vs. Bk. Columbia,* 9 *Wheat. R.*

581; *Norton vs. Lewis*, 2 *Connect. R.* 478; *Leonard vs. Gary*, 10 *Wend. R.* 504; *Taunton Bk. vs. Richardson*, 5 *Pick. R.* 436; *Union Bk. vs. Hyde*, 6 *Wheat. R.* 572.

*Third.*—A parol agreement between the endorser and holder that the payment of the note should not be demanded at its maturity, but at a future time, excuses demand and notice as between those parties. *Story on Bills*, 317 *and note Id.* 371; *Taunton Bk. vs. Richardson*, 5 *Pick. R.* 436, 443; *Central Bk. vs. Davis*, 19 *Pick. R.* 373, 375; *Leffingwell vs. White*, 1 *Johnson's Cases* 99; *Union Bk. vs. Hyde*, 6 *Wheat. R.* 572.

*Fourth.*—A waiver of demand is waiver of notice. *Coddington vs. Davis*, 3 *Denio R.* 17; *S. C.* 1 *Comstock R.* 186.

*Fifth.*—As to cases of special agreement between the holder and a particular endorser waiving due presentment of the notes; if the agreement be cotemporaneous with the origin of the title of the holder, it may assume the positive form of a valid obligation operating *ex-contractu* upon a sufficient consideration. *Leonard vs. Gary*, 10 *Wend. R.* 504; *Boyd vs. Cleveland*, 4 *Pick. R.* 525; *Leffingwell vs. White*, 1 *Johnson's Cases* 99.

*Sixth.*—An agreement to dispense with any demand upon the maker, or with notice of dishonor, not on the face of the instrument, but merely oral between the indorser and his immediate indorsee is good and sufficient, but limited in its effect to the immediate parties. *Story on Bills, Sec.* 317 *and note; same, Sec.* 371; *Taunton Bk. vs. Richardson*, 5 *Pick. R.* 436, 443; *Central Bk. vs. Davis*, 19 *Pick. R.* 373, 375; *Leffingwell vs. White*, 1 *Johnson's Cases* 99; *Union Bk. vs. Hyde*, 6 *Wheaton R.* 572; *Story on Promissory Notes, Secs.* 291 *and* 357, *and cases there cited*.

Points and authorities for Defendants in Error.

The decision of the District Court should be affirmed for the following reasons, to wit:

*First.*—The amended complaint shows that no demand of payment of the note had been made of the makers or either of them in due time, or at any time, and that no notice of default of payment by makers was served upon the indorser Vadnais, or that Plaintiff looked to Vadnais for payment within reasonable time, or at any time.

*Second.*—The amended complaint does not show that the Plaintiff and holder made any efforts or used any endeavors or diligence to collect the amount of the note of the makers or either of them, or to make demand of payment.

*Third.*—The said complaint does not state or show any legal, proper or reasonable excuse for failing to make demand of payment of the makers, or either of them, or that the holder and Plaintiff ever endeavored to make such demand. *Story on Promissory Notes, Sec.* 367 *and notes* 237, 238 ; 3 *Denio* 145, *Taylor vs. Snyder.*

*Fourth.*—The amended complaint does not show that any demand of payment was made either at the residence of the makers at the time of falling due, or at their former residence, and the endorser is consequently discharged. *Kent's Com., Lect.* 44, *page* 96, 5*th Ed.*

*Fifth.*—Said complaint does not state or set forth facts showing or tending to show that the makers or either of them, at the time said note fell due, had absconded from the State of Minnesota, or that they or either of them were residing beyond the limits of said State, or that their families were not then occupying a well known residence in said State.

*Sixth.*—The agreement pretended to be set up in said complaint that payment of said note should not be demanded for fifteen days after due, was without consideration, and therefore void. *Story on Prom. Notes, Sec.* 367 (*clause* 8) *and note; Chitty on Con.* 52.

*Seventh.*—Even taking the last mentioned agreement to be valid and binding, Vadnais did not thereby waive the necessity or right of demand of payment of the makers, or notice of their failure to pay upon demand.

*Eighth.*—Said amended complaint does not state or show that Defendant Vadnais ever waived a demand of payment of the makers, or his right to notice of their failure to pay. *Story on Prom. Notes, Sec.* 357 *and note.*

PHILIP DE ROCHEBRUNE, Counsel for Plaintiff in Error.

JOSEPH LE MAY, Counsel for Defendant in Error.

*By the Court*—ATWATER, J. The demurrer in this case was

properly sustained by the Court below. The complaint fails to show a cause of action against Vadnais, the Defendant who demurred. The agreement set up, or attempted to be set up in the complaint for the extension of the time of payment of the note, is without consideration, and could not be enforced against either party. But even if the agreement were valid, the Plaintiff still fails in showing a cause of action against Vadnais. He must be held as an endorser, if at all. The agreement set up, simply extends the time for the payment of the note, fifteen days from the time of the transfer. There is no agreement shown, either express or implied, that the endorser should waive demand and notice. The counsel for the Plaintiff in error claims, that a parol agreement between the indorser and holder, that the payment of the note should not be demanded at its maturity, but at a future time, excuses demand and notice between those parties, and cites in support of the same, *Story on Bills*, 317, *and note; Id.* 371; 5 *Pick.* 436-7; 19 *Pick.* 373, 375; 1 *Johns. Cases*, 99. But we find nothing in these cases sustaining the proposition, nor do we find any authorities which go to that extent. The fact set up in the complaint that the makers had absconded or run away, does not excuse notice of that fact to the endorser. (*Taylor vs. Snyder*, 3 *Denio* 145.) In order to recover against Vadnais as endorser, he must prove that he had notice that the makers had absconded, and not having alleged such notice, he cannot prove it. (*Gurvey vs. Fowler*, 3 *Sand.* 665.) The complaint fails to show a sufficient excuse for want of notice to the endorser, and the judgment below is affirmed.